KLIEBERT, Judge.
On October 16, 1978, plaintiff-appellant, Mary Kay Alexander (hereafter Alexander), was driving an automobile, owned by her husband, in a westerly direction (towards Avenue E) on Vic A. Pitre Drive in Westwego. The defendant-appellee, Anna P. Terry (hereafter Terry), was operating an automobile owned by her husband and insured by Allstate Insurance Company, in an easterly direction on Vic A. Pitre Drive. The Terry vehicle came across the center line of Vic A. Pitre Drive and collided head-on with the Alexander vehicle.
The claim by Mr. and Mrs. Alexander against Mr. and Mrs. Terry and their insurer, Allstate, was tried by jury. The jury was instructed to first decide if the Terrys were liable and, if so, to fix the special damages incurred by Mr. Alexander for his wife’s medical treatment and to fix the special damages for Mrs. Alexander for her general damages. The jury awarded $1,500.00 in specials to Mr. Alexander and $4,500.00 in general damages to Mrs. Alexander. It made no award to Mrs. Alexander for special damages.
The plaintiffs appealed contending the jury erred because it failed to award the full medical bill of $3,082.14 incurred by Mr. Alexander for the treatment of Mrs. Alexander. Also, they contend the jury erred in its failure to award the $360.00 in lost wages as special damages to Mrs. Alexander, and also committed further error by awarding her inadequate general damages. Thus, the issue on appeal is, did the jury commit manifest error?
Dr. Frank Schiavi, an orthopedic surgeon, diagnosed Mrs. Alexander’s injuries as a strained back superimposed on mild arthritic condition resulting from the accident. *1299 On cross-examination, he admitted his diagnosis was based on what he was told by Mrs. Alexander and if in fact she had pain before the accident or had less pain after the accident, then he would change his opinion. He also referred her to a neurologist. Although no positive evidence of a neurological problem was found, when complaints of pain persisted, on the recommendation of her neurologists, Mrs. Alexander was placed in traction at the West Jefferson Hospital for two weeks because it might help her. She did not respond to the treatment and continued to complain of pain.
Another orthopedist and treating physician, Dr. Richard McCall, testified that he had x-rays taken by Dr. Redler’s office which indicated degenerative changes at the Lumbar 4, 5 level of the back with a muscular ligamentous injury of the back. His own final diagnosis, however, was that her consistent complaint of pain was caused by an arthritic condition of the sacroiliac joint and that this condition may or may not have been caused by the accident.
Although plaintiffs subpoenaed Dr. Re-dler who had examined Mrs. Alexander on behalf of the defendant, the doctor did not appear at the trial because of illness.
We consider first the question of special damages. Plaintiffs’ counsel contends there was a stipulation between him and defense counsel that the $3,082.14 in medical expenses incurred by Mr. Alexander were incurred for the treatment of injuries incurred by Mrs. Alexander in the accident. Defendant’s counsel admits he stipulated $3,082.14 in medical expenses were incurred by Mr. Alexander; but, denied that he stipulated these were incurred for injuries arising out of the accident. Although the medical bills were introduced in evidence and are in evidence, there is nothing in the record to indicate a stipulation was entered into. In the absence of this evidence, we can only review the record as though no stipulation as to causation was entered into by the parties.
Of the total medical bills, approximately $1,500.00 was for traction treatment at the hospital which was ordered by Dr. Schiavi under the suggestion of the neurologist that it might help her. Additionally, the claim of $360.00 for loss of wages was based upon the wages lost while hospitalized for the traction treatment. Defense counsel argued to the jury that the hospitalization at West Jefferson did not arise out of an injury received in the accident but rather from the mild spondylolisthesis (compatible to agony rather than injury) of the back.
The fact the jury did not award the $360.00 for lost wages and awarded only $1,500.00 of medical expenses indicates it accepted the defendant’s argument over that of the plaintiff. Based on the medical evidence in this record, we cannot conclude the jury erred. There was ample evidence in the record for the jury to conclude the hospitalization for traction was not necessitated by the injuries sustained in the accident. Additionally, comparing the plaintiff’s direct testimony as to her injury, pain and restricted activity to the facts brought out by the defendants on cross-examination, such as her continued highly successful work activity, the long automobile trips taken, and the discrepancies between her testimony and that of her husband, we cannot say the jury was manifestly or clearly wrong if it believed the plaintiff exaggerated her injuries and her complaints of pain; nor can we say that the award of $4,500.00 in general damages for the injuries sustained by the plaintiff was an abuse of its discretion. In the absence of manifest error or an abuse of discretion, we are not to disturb the jury’s award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Reck v. Stevens, 373 So.2d 498 (La.1979).
Accordingly, we affirm the lower court judgment; costs of the appeal to be borne by the plaintiffs.
AFFIRMED.